

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>Javier CUENCA-Zuniga<br><br>　　　　Defendant. | Magistrate Case No. '21 MJ03569<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>　Attempted Entry after<br>　Deportation |

The undersigned complainant being duly sworn states:

On or about August 27, 2021 within the Southern District of California, Defendant Javier CUENCA-Zuniga, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose, i.e., conscious desire, to enter the United States at the Otay Mesa, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ramon A. Galindo, CBP Enforcement Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 27th of August 2021.

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On August 27, 2021, at approximately 00:08 A.M., Javier CUENCA-Zuniga (Defendant) applied for admission into the United States at the Otay Mesa Port of Entry from Tijuana, Baja California, Mexico. Defendant presented himself for inspection before a Customs and Border Protection Officer (CBPO) stating that he was a Lawful Permanent Resident (LPR) and was traveling to Utah. Defendant stated he had nothing to declare from Mexico. Defendant stated that he had no entry documents to present because he had lost them. Defendant stated to the CBPO that he received resident status through his mother. The CBPO referred Defendant to secondary for a status check.

In secondary, Defendant's fingerprints were obtained and queried through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned matches to the queries, revealing Defendant's identity and also linked him to Department of Homeland Security (DHS) records which identified Defendant as a citizen of Mexico without legal documents to enter the United States.

According to DHS records, Defendant was removed from the United States on or about December 10, 2006 by immigration officials and was subsequently physically removed from the United States to Mexico on the same day through Nogales, Arizona. DHS records indicate that Defendant was last removed from the United States on September 7, 2017 through Laredo, Texas. DHS records contain no evidence Defendant has applied for or received permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States.

On August 27, 2021 at approximately 03:34 A.M., Defendant was advised of his Miranda Rights and elected to give a statement without the benefit of counsel. Defendant stated that he was born in Guadalajara, Jalisco, Mexico and has never had legal documents to enter the United States. Defendant stated that he has been deported from the United States to Mexico on two occasions. Defendant stated that his claim to be an LPR was not true. Defendant stated he was traveling to West Valley, Utah.